Matter of Gerson v New York City Campaign Fin. Bd. (2019 NY Slip Op 03268)





Matter of Gerson v New York City Campaign Fin. Bd.


2019 NY Slip Op 03268


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8915 156711/16

[*1]In re Alan Gerson, et al., Petitioners-Respondents-Appellants,
v
New York City Campaign Finance Board, Respondent-Appellant-Respondent.


Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for appellant-respondent.
Law Offices of G. Oliver Koppell & Associates, New York (Oliver Koppell of counsel), for respondents-appellants.



Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 22, 2017, annulling respondent's (the Board) determination, dated April 14, 2016, to the extent it denied petitioners' application for matching public funds under the New York City Campaign Finance Act (Administrative Code of City of NY § 3-701 et seq.), and directing the Board to reimburse petitioners the sum of $38,828, representing $88,550 in matching funds for properly documented campaign contributions less $49,722 in properly imposed penalties, unanimously modified, on the law, to vacate the $30,912 and $10,000 penalties imposed for exceeding expenditure limits and accepting over-the-limit contributions, respectively, and otherwise affirmed, without costs.
The court correctly found that the Board's decision to deny any matching funds to petitioners based on allegedly improper documentation of campaign contributions, pursuant to an informal rule that it could withhold all matching funds to any campaign whose contribution documentation was found to have at least a 20% error rate, was arbitrary and capricious. Apparently, any error, no matter how minor, in any aspect of the documentation submitted in support of a certain contribution would render the documentation wholly invalid for purposes of calculating the error rate; in other words, the 20% rule was a requirement that more than 80% of contributions must be supported by error-free documentation. This had no bearing on whether the correct documentation otherwise met the threshold numerical eligibility requirements for matching funds. As the Board failed to provide any reason for setting the threshold at 20%, rather than another percentage, or for not taking an approach other than cutting off all funds when the threshold is reached, the informal rule on which its determination was based is "so lacking in reason for its promulgation that it is essentially arbitrary" (New York State Assn. of Counties v Axelrod, 78 NY2d 158, 166 [1991] [internal quotation marks omitted]; see also Matter of Nicholas v Kahn, 47 NY2d 24, 34 [1979]).
The court erred in upholding the Board's finding that petitioner Gerson's contribution of more than $30,912 to his campaign exceeded the $2,500 limit on expenditures by City Council candidates (see Administrative Code § 3-703[1][f][iii]). Petitioners made the expenditures at issue in an effort to counteract nonparty New York City Board of Educations' undisputed failure to comply with a court order issued in a proceeding brought by petitioners pursuant to Election Law § 16-102 directing that Gerson's name be reinstated on absentee ballots. As these expenses were incurred in responding to, and as a direct consequence of, the BOE's ongoing noncompliance with the court order, they are covered by the exemption for expenditures made for the purpose of "bringing" or "responding" to a "proceeding" or "claim" before a court concerning Gerson's "ballot status" (Administrative Code § 3-706[4][a]; 52 RCNY 1-08[d][4][i][A]).
It does not avail the Board to invoke alternative grounds for denying matching funds to [*2]petitioners that it did not cite in its determination (Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 16 NY3d 360, 368 [2011]).
In light of the foregoing, and in view of the significant mitigating factors adduced by petitioners, including the need to counteract the undisputedly improper omission of Gerson's name from absentee ballots and the illnesses and deaths of three campaign officials, including Gerson's mother, during the post-election audit, we find the denial of matching funds and the penalties imposed, other than the $9,036 for violations not challenged by petitioners, grossly disproportionate to any offenses committed by petitioners (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233-234 [1974]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK